# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18cv1501 SNLJ |
| | ) | |
| ONE HUNDRED NINETY-FIVE | ) | |
| THOUSAND, FIVE DOLLARS IN | ) | |
| U.S. CURRENCY ($195,005.00), | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

On September 7, 2018, the United States filed a complaint for forfeiture as to $195,005.00 alleging that such property is subject to civil forfeiture pursuant to, *e.g.*, 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance. The defendant property was seized from a vehicle belonging to Christopher Worley. Worley filed a claim in this matter alleging that he is the rightful owner of the property and that it should be returned to him. The parties have engaged in discovery, and the government filed the instant motion to strike (#16) pursuant to Rules G(8)(c)(i) and G(6)(b) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). The government wishes to strike the claimant's claim or, in the alternative, compel the claimant to provide complete and full answers to the government's First Set of Special Interrogatories. The matter has been fully briefed.

Claimant Worley was traveling westbound on Interstate 70 when he was stopped by police officers allegedly for following another vehicle too closely. Claimant's pickup truck was subjected to a K9 sniff, and the dog alerted to the presence of a controlled substance. Although no controlled substances were found, the officers found and seized $195,005 from a black duffle bag. Claimant was not issued a traffic citation. Claimant told the officers he did not have an ownership interest in the money, and he signed a disclaimer of property form stating the same.

Claimant filed a claim to the defendant property on November 28, 2018. The government served special interrogatories on claimant through his counsel on February 25, 2019, in order to determine whether claimant has a factual or legal basis to assert a claim to the defendant property. Claimant sought and received an extension of time in which to answer, and he served his answers on April 3.

Counsel for the government notified claimant that his answers were not sufficient because they did not fully answer Special Interrogatories No. 4 or 5. Counsel for the parties have conferred on this dispute, and claimant has not amended his answers.

Rule G(6) of the Supplemental Rules authorizes the government to propound special interrogatories on a claimant in a civil forfeiture action to inquire broadly into the claimant's identity and relationship to the defendant property. The purpose of the rule is to provide the government with the means of determining whether claimants have standing to contest the forfeiture of the defendant property at the outset of the proceeding. *See* Advisory Committee Note to Supp. Rules G(6) and 8(c). If a claimant fails to respond to special interrogatories, the government may move to strike his claim. Supp. Rule G(8)(i).

The government contends that the Special Interrogatories are particularly important in this case because the claimant has previously disclaimed his interest in the defendant property. The government says that claimant's answers to the following interrogatories are deficient:

Special Interrogatory No. 4 asks claimant to tell the government how, when, and why claimant acquired the defendant property. It seeks specific details:

> State all facts relating to your claim that you are the rightful owner of the defendant property, including: (a) the date(s), time(s), and place(s) in which you acquired any portion of the defendant property; (b) the identity of all persons from whom you received any portion of the defendant property and the identity of all persons who were present when you obtained any portion of the defendant property; (c) the manner in which the defendant property was delivered to your possession; (d) the intended purpose for you to acquire and/or hold the defendant property; and (e) all facts indicating that your acquisition of the defendant property was lawful.

Claimant answered 4(a)—which asks about the date, time, and place in which he acquired any portion of the property—by referring to previous employers between 1998 and 2017, a $12,000 workers compensation payout in 1993, the sale of various unspecified vehicles over the years, tax refunds totaling over $90,000, gifts of Hewlett Packard stock from his parents totaling approximately $118,000, and four or five other gifts from his parents ranging from $22,000 to $26,000.

The income from those alleged sources totals $246,000—well over the amount seized from claimant. None of the alleged sources of income are disclosed with the details specified in the Special Interrogatories.

Special Interrogatory No. 5 states:

> Identify all documents relating to your answer to Interrogatory No. 4. Where any part of the identification of a document may be ascertained from the face of the document, you may attach a copy of the document in lieu of answering that portion of this special interrogatory

Claim's answer to that interrogatory is as follows:

> See Claimant's attached cash withdrawal receipts totaling $97,300 and Claimant's statement from Social Security Administration indicating his taxed Social Security and Medicare earnings.

Claimant attached a Social Security statement dated February 20, 2019 showing claimant's annual earnings from 1982-2017 and five Wells Fargo Bank Transaction Receipts from an unidentified account. Claimant attached no documents supporting the other alleged sources of income referred to in his response to Interrogatory No. 4.

The government contends that claimant's failure to fully and clearly answer Interrogatories 4 and 5 justifies striking his claim under Supplemental Rule G(8).

Claimant's response mostly addresses the merits of his claim or otherwise criticizes the government's handling of the defendant currency. He also belatedly attached five pages of redacted bank statements that he did not previously disclose to the government. He insists that his answers to the interrogatories were enough to show standing and that the motion to strike should be denied. Claimant states that, for example, savings from the approximately $1.9 million in earnings shown on the Social Security Statement for 1997-2017 "could legitimately account for the $212,000 that was seized."[1] Claimant does not, however, make any effort to show his expenses for that same period, nor does he explain how the $100,000 that remains unaccounted-for by withdrawal receipts ended up

---

[1] Claimant states that, in fact, the total amount seized from his vehicle was $212,000, not the $195,005 currently at issue in this action.

in a duffel bag in his vehicle. Furthermore, he makes no effort to rectify his current position with his statements to law enforcement that the seized currency did not belong to him.

Claimant suggests that he has provided enough response to the government's interrogatories for the purposes of Rule G(6), relying on *United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 564 (8th Cir. 2014), *overruled on other grounds by United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047 (8th Cir. 2019). The Eighth Circuit held that the district court had abused its discretion when it struck a claim for failure to adequately respond to special interrogatories "when no special interrogatories were necessary to determine standing." *Id.* There, claimant stated that a $4,500 portion of a larger amount of seized cash was money he had earned "through his employment." *Id.* The court opined that such an explanation stated "a colorable 'ownership interest' as required by 18 U.S.C. § 983(d)(6)(A)." *Id.*

Although the claimant has not answered, in detail, each of the government's special interrogatories, the Court finds that the claimant has sufficiently stated a "colorable ownership interest" and thus satisfies Rule G(6). *See id.* The Court will deny the government's motion; however, this ruling does not foreclose the government from pursuing the details it seeks through regular discovery.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to strike or compel is DENIED.

**IT IS FURTHER ORDERED** that the government shall respond to the claimant's pending discovery requests by July 29, 2019.

Dated this  15th  day of July, 2019.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE