UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18cv1501 SNLJ |
| | ) | |
| ONE HUNDRED NINETY-FIVE | ) | |
| THOUSAND, FIVE DOLLARS IN | ) | |
| U.S. CURRENCY ($195,005.00), | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

Claimant Christopher Worley filed a claim in this matter alleging that he is the rightful owner of subject $195,005.00 and that it should be returned to him. The parties are engaged in discovery. Worley now moves for a protective order to stay further compliance with civil discovery and preclude the government from utilizing its subpoena power to obtain records from third parties for use in any criminal investigation of claimant (#28). The government opposes the motion.

The federal statute addressing civil forfeiture actions states that,

> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
>
> (A) the claimant is the subject of a related criminal investigation or case;

1

> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2). The statute also allows for a protective order limiting discovery instead of staying the matter. *Id.* § 981(g)(3). However, "[i]n no case…shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." *Id.*

Claimant Worley states that the government has served subpoenas on Claimant's financial institutions, his ex-wife, and other third parties. The government seeks documents pertaining to banking records, mortgages, and Claimant's divorce.

The facts underlying this matter are as follows: Claimant was traveling westbound on Interstate 70 when he was stopped by police officers allegedly for following another vehicle too closely. Claimant's pickup truck was subjected to a K9 sniff, and the dog alerted to the presence of a controlled substance. Although no controlled substances were found, the officers found and seized $195,005 from a black duffle bag. Claimant was not issued a traffic citation. Claimant told the officers he did not have an ownership interest in the money, and he signed a disclaimer of property form stating the same. Despite this, he filed a claim to the defendant property on November 28, 2018, in response to the government's filing of this forfeiture action.

Claimant argues that the government's objections to claimant's own discovery requests are tacit admissions that the government is currently conducting a criminal

investigation against claimant. For example, the government has stated in response to those discovery requests that "Plaintiff objects to Claimant's requests to the extent the seek disclosure of information of the United States' criminal investigation in this matter." Claimant also cites other circumstances that suggest to him the government is criminally investigating him: for example, (1) the government claims as privileged its records of Vehicle Detection Reports[1], and (2) the government discovery responses show that the United States Marshals Service is investigating Claimant's banking activities. Claimant contends he is the subject of this investigation and that continuation of discovery will burden his right against self-incrimination in the related investigation or case.

The government's stated reason for bringing this civil forfeiture action is that the seized currency is money traceable to a violation of the Controlled Substances Act. When asked directly whether the government is investigating claimant, the Assistant United States Attorneys refuse to either confirm or deny the existence of such an investigation.

All this notwithstanding, the government argues that claimant has not shown that he is the subject of a related criminal investigation or case as required by the statute. This Court observes that any investigation related to the $195,005 is "related" to the civil forfeiture proceeding. Regardless of whether a "related" investigation exists, the Court agrees with the government that claimant has failed to make the required showing under § 981(b)(2) because he cannot show that the discovery requests will violate claimant's Fifth Amendment right against self-incrimination. A claimant does not have a right to make a blanket assertion of Fifth Amendment privilege against self-incrimination.

---

[1] The government indicates that it wishes disclose this report pursuant to a protective order, but the claimant refuses to discuss the proposed protective order.

3

*United States v. Dick*, 694 F.2d 1117, 1119 (8th Cir. 1982). Rather, he must make specific assertions of the privilege against specific questions or requests. *Id.* Further, the privilege against self-incrimination "protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1988) (quotation omitted). Claimant did not assert his Fifth Amendment rights with respect to the written discovery propounded by the government. As for the subpoenas about which claimant complains, claimant cannot assert a Fifth Amendment privilege to prevent a third party from producing documents in response to a Rule 45 subpoena. *Couch v. United States*, 409 U.S. 322, 616 (1973). Thus, claimant has not made the showing required for a protective order under 18 U.S.C. § 981(g)(2), and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the claimant's motion for protective order (#28) is DENIED.

Dated this __23rd__ day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE